IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE, | 1:05-CV-00114-REC-TAG-HC |
| Petitioner, | |
| vs. | ORDER DENYING MOTION FOR FOR RECONSIDERATION OF ORDER TRANSFERRING CASE (Doc. 6) |
| A. K. SCRIBNERS, Warden, | |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO TRANSFER CASE TO CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO THE ORDER OF FEBRUARY 11, 2005 (Doc. 5) |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee for this action.

On January 27, 2005, Petitioner filed the instant habeas corpus petition. (Doc. 1). On February 3, 2005, Petitioner filed a motion to transfer his case to the United States Court of Appeals for the Ninth Circuit. (Doc. 4). On February 11, 2005, the United States Magistrate Judge issued an order denying Petitioner's motion for transfer, and sua sponte ordering the case transferred to the United States District Court for the Central District of California. (Doc. 5). The Court reasoned that because Petitioner was challenging a conviction from Los Angeles County, which is in the Central District of California, the petition should have been filed in that district. Accordingly, in the interest of justice, the Court ordered the transfer. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

1

For reasons not apparent to the Court, the Clerk of the Court duly entered the Court's order denying Petitioner's motion for transfer, but did not enter the Court's order transferring the case to the Central District of California, did not administratively close the case, and took no action regarding the Court's order of transfer. On February 25, 2005, Petitioner filed objections to the transfer order of February 11, 2005. (Doc. 6). In his objections, which the Court construes as a motion for reconsideration, Petitioner argues three bases for maintaining jurisdiction in the Eastern District of California: (1) the habeas petition has constitutional merit; (2) Petitioner has already paid his $5 filing fee; and (3) transfer to the Central District "before the U.S. Court of appeals make a ruling on pending Petition for Extraordinary relief would be clear Constitutional violation." (Doc. 6, pp. 1-2).

## DISCUSSION

Local Rule 78-230(k) provides in pertinent part that, on reconsideration, a party must show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...;(3) fraud . . . of an adverse party...; (4) the judgment is void; (5) the judgment has been satisfied...; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

2

F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  <u>Id</u>.

Applying the standards set forth above, none of the grounds set forth by Petitioner in his Objections satisfy any of the provisions of Rule 60(b).  Petitioner's first basis for reconsideration, that his petition has constitutional merit, is not a proper basis to retain jurisdiction.  The Court's transfer of the case to the Central District of California is not a ruling on the merits; indeed, the Court takes no position whatever regarding the ultimate merit of Petitioner's case.  By the order of transfer, the Court is merely following established jurisdictional procedures regarding the proper venue for habeas corpus cases.  Once the transfer is effected, Petitioner will be entitled to the same considerations regarding the legal merits of his case as he would had the case remained in the Eastern District.

Regarding the payment of the filing fee, the transfer order will not necessitate the payment of a second filing fee.  Accordingly, this does not constitute a hardship for Petitioner nor a basis for retaining jurisdiction over the case.

Finally, the fact that Petitioner has other legal actions pending in other courts has no bearing on the determination of the proper venue for this habeas corpus petition.  Nor does the pendency of those other actions have any legal effect on how this petition may ultimately be resolved by the Central District once the transfer has taken place.  Accordingly, this is not a proper ground for reconsideration.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion for reconsideration of the Court's order of transfer dated February 11, 2005 (Doc. 6), is DENIED; and

2. The Clerk of Court is DIRECTED to transfer this case to the Central District of California pursuant to the Court's order of February 11, 2005 (Doc. 5).

IT IS SO ORDERED.

**Dated:   July 1, 2005**                                   **/s/ Theresa A. Goldner**
j6eb3d                                                      UNITED STATES MAGISTRATE JUDGE

4